# EXHIBIT 2

FILED
TARRANT COUNTY
11/17/2015 3:44:04 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 236-282399-15 _____

| | | |
|---|---|---|
| ADVENTIST HEALTH SYSTEM/ SUNBELT, INC., D/B/A TEXAS HEALTH HUGULEY, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | TARRANT COUNTY, TEXAS |
| ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. d/b/a ANTHEM BLUE CROSS BLUE SHIELD OF COLORADO | § § § § § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adventist Health System/Sunbelt, Inc., d/b/a Texas Health Huguley, Plaintiff herein, and files this Original Petition, complaining of Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross Blue Shield of Colorado, Defendant herein, and files this *Plaintiff's Original Petition*, and in support thereof would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff requests that discovery in this cause of action be conducted under Level 2, TEX. R.CIV.P. 190.3.

## II.
## PARTIES

2. Plaintiff, Adventist Health System/Sunbelt, Inc., d/b/a Texas Health Huguley, (hereinafter referred to as "THH" or "the Hospital") is a health care provider and hospital incorporated in the State of Texas with its principal place of business located in Burleson, Tarrant County, Texas.

3. Defendant, Rocky Mountain Hospital and Medical Service, Inc. is believed to be incorporated in Nevada and is doing business as Anthem Blue Cross Blue Shield of Colorado (hereinafter referred to as "BCBSC"). Defendant is in the business of providing and/or administering medical and health insurance plans. This lawsuit relates to medical services provided in Texas to a patient that was insured by a plan either funded or administered by BCBSC. Defendant Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross Blue Shield of Colorado may be served with process by serving its registered agent for service, The Corporation Trust Company of Nevada, 701 S. Carson Street, Suite 200, Carson City, Nevada 89701.

## III.
## JURISDICTION AND VENUE

4. This case is within the subject matter jurisdiction of this Court and venue is proper in Tarrant County pursuant to TEX. CIV. PRAC. & REM. CODE, §§15.001 & 15.002. As further shown herein, the contract governing the reimbursement in this lawsuit was entered into in Texas and the medical services made the basis of this dispute were provided in Burleson, Tarrant County, Texas.

# IV.
# FACTUAL BACKGROUND

5.      At all times relevant hereto, THH is a health care provider and hospital, which is located in Burleson, Tarrant County, Texas. BCBSC or the plan is in the business of providing, issuing medical and health care coverage to groups and/or individuals or administering such health plans. At all times relevant hereto, THH is party to a preferred provider agreement with Blue Cross Blue Shield of Texas (hereinafter referred to as "BCBSTX"). Pursuant to that agreement, THH agrees to admit and treat all BCBS members and BCBS agrees to pay Plaintiff pursuant to the agreed rates set forth in the preferred provider agreements. Likewise, THH agrees under that same contract to provide medical services to BCBS plans that are from other states. Those out of state plans are referred to as the "Home Plan" or Blue Card Plans". Under the BCBSTX agreement, the Hospital provides services to all Blue Card beneficiaries and it is agreed that Home Plan pays the hospital in accordance with the Texas Blue Cross Blue Shield contract rates. As a result, any such Blue Card Plan is liable and obligated to pay Plaintiff and providers that treat Blue Card beneficiaries. In this case, the patient is believed to be a member of an Anthem Blue Cross Blue Shield of Colorado plan and presented to Plaintiff's Texas Hospital. Thus, the plan is bound by Texas law and obligated to pay the claim in accordance with the Texas Blue Cross Blue Shield agreement.

6.      For the purpose of privacy rights, the patient's name will not be included in this pleading. Plaintiff will identify the services provided to the patient by a group number, claim number, dates of service, hospital account number and charges, as set for

the below. Sufficient information has previously been provided to Defendant and its legal counsel, such that Defendant has been duly notified of the claim made the basis of the suit. After service of process, additional patient information will be provided to the Defendant, if necessary.

7. The patient made the basis of this lawsuit was admitted to THH and received treatment on 06/06/2014. Upon admission, the patient presented an insurance card showing that he had health coverage under a BCBS plan or a plan administered by BCBS. The BCBS claim number for the admission is 02015056501D2450X. The patient's identification number is 927M7XXXX. The Hospital contacted BCBS upon admission to verify coverage and benefits, and BCBS represented to THH that the patient had effective coverage for the admission and that coverage and benefits were available and adequate for the medical services to be provided. Additionally, BCBS preauthorized the services for the admission. In reliance and based upon the representation of available and adequate insurance coverage for pre-authorized services, THH provided valuable medical services for the admission with the certain expectation of payment. At no time during the patient's admission was the Hospital informed that there were any limitations whatsoever as to the patient's insurance coverage.

8. Following the discharge of the patient, THH submitted the claim for total charges of $124,242.50 to BCBS for payment as required by the governing agreement. As described above, the Hospital is entitled to the payment rates set forth in its Texas contract the correct allowable for this claim is $66,434.90. However, the plan has only paid $8,496.40. Thus, the claim was underpaid in the amount of $55,814.40. While it is

unclear, it appears that the home plan denied the remainder as allegedly being experimental or not medically necessary, although surgery and the services were authorized and represented to be covered under the plan. The grounds for not paying the amount due and owed are frivolous, unsupported and ground in bad faith.

9.  As shown below, only the plan was in the position to provide accurate information regarding the insured patient's insurance coverage at the time of admission. THH relied on the representation of insurance coverage and pre-authorization provided by BCBS, and has been damaged as a result of the plan's underpayment.

10. At all times relevant hereto, THH and BCBSTX were parties to a preferred provider agreement, whereby THH agreed to treat insured lives of BCBS including Blue Card Plans or Home Plans from States other than Texas. In turn BCBS plans, including out of state or Blue Card Plans that are beneficiaries of the contract, agree to pay for those medical services in accordance with the terms of the Texas agreement. Thus, the claim processing, adjudication and payment of the claim made the basis of this lawsuit are expressly governed by the Texas preferred provider agreement with BCBS as well as the statutory obligations and requirements set forth in the Texas Insurance Code. Furthermore and at all time relevant hereto, BCBS of Texas was acting as the actual or ostensible agent of the home plan.

## V.
## CAUSES OF ACTION

**Breach of Contract**

11. Plaintiff alleges and incorporates herein by reference paragraphs 5 through 10 above.

12.     As described above all BCBS, Blue Card and Home Plans from other states are contractually obligated to pay Texas providers at the agreed rates set forth in the Texas BCBS preferred provider agreement.  Likewise, the Plaintiff and similar contracted Texas providers are required to treat beneficiaries that may be covered under another state's Home Plan or a Blue Card Plan.  In this case, Plaintiff provided valuable services totaling $124,242.50 and the Defendant has refused to pay the agreed contractual rate.  The amount due and owed for the admission under the governing contract is $66,434.90.  Defendant has only paid $8,496.40.  The balance due and owed is $55,814.40.  Failure to pay the correct reimbursement rate timely constitutes a material breach by the Defendant.  Furthermore and by Defendant failing to timely pay the claim, the plan has waived any entitlement to reduced rates or contracted payment under the relevant agreement.  Thus, Plaintiff seeks the balance of its billed charges less prior payment or $115,746.10.  All conditions precedent to Defendant's obligation to pay the claim have occurred as required by the Texas Rules of Civil Procedure.

**Violations of the Texas Insurance Code**

13.     Plaintiff alleges and incorporates herein by reference paragraphs 5 through 12 above.

14.     At all times relevant hereto, the plan is a contracted payer pursuant to a preferred provider agreements entered into between BCBS and THH.  In this case the Defendant verified benefits and preauthorized the care provided.  As a result, Defendant's conduct and omissions in regards to the adjudication and processing of the claim are

governed by and in certain violation of the Texas Insurance Code, §1301.101 *et seq.* and/or §843.346 *et seq.* These sections of the Insurance Code set forth the statutory requirements regarding the prompt payment, processing and adjudication of preferred provider claims. These statutory provisions also require insurers to provide accurate coverage information to medical providers, such that if an insurer or its agent verifies benefits, payment to the medical care provider may not be denied or reduced for those services. If the insurer determines that the claim is not payable, the insurer must notify the hospital in writing of the exact reason of the denial within forty-five (45) days. However, the plan failed to timely and correctly pay this claim as required by law and contract. The plan is liable for the payment of the medical services as a matter of law. The plan cannot retract the representations of coverage made for the admission and the payment made for the claim weeks after the fact, based on an allegation that the preauthorized services were not covered under the plan. As a result of the aforementioned violations, the Plaintiff seeks statutory damages as provided by the Texas Insurance Code, including its billed charges of $124,242.50, attorney's fees and interest.

**Negligence and Negligent Misrepresentation**

15. Plaintiff alleges and incorporates herein by reference paragraphs 5 through 14 above.

16. Plaintiff would show it is the accepted business practice in the healthcare industry to contact insurers or their administrators and verify coverage for patients being admitted and to preauthorize the care.

17. Coverage and benefit information is within the exclusive control of the

insurer or its administrator. Thus, a provider must rely on representations of coverage by an insurance carrier or its agents or administrators when admitting a patient. Insurance carriers and/or the plan administrator know a provider will rely on assertions of coverage and are under a statutory and common law duty to reasonably investigate coverage and provide the provider with accurate information.

18.  In this case, the Plaintiff contacted Defendant, and Defendant verified benefits were available and authorized the medical treatment provided to the patient. Plaintiff relied on these misrepresentations in providing medical services to patient with the expectation of proper payment. Defendant knew or should have known if there were any coverage limitations for the approved surgery or whether the authorized care was covered under the plan. Yet, Defendant had denied the correct payment of the claim on an unsubstantiated and bad faith basis.

19.  Thus, Defendant breached its duty to the Hospital to provide accurate information and misrepresented the terms of the coverage and/or was negligent in providing correct coverage information. As a direct and proximate cause, Plaintiff has been damaged in the aggregate amount of $55,814.40 which is the balance of the agreed contracted rate for the charges incurred for the medical services provided. Due to the conduct complained of herein, Defendant has also waived any rights to discounted reimbursement. Thus, Plaintiff seeks the balance of the full billed charges or $115,746.10. Plaintiff also seeks exemplary damages as a result of the acts and omissions complained of herein and to be determined by the trier of fact.

20.  At all times relevant hereto, Defendant was either the actual health

insurance plan or acting as the actual agent or ostensible agent of the respective health plans insuring the patient. Therefore, the plan is liable for the misrepresentations described above. Further, Defendant is liable pursuant to the Texas Insurance Code, which provides the applicable subchapters govern the plan and entities that contract with an insurer to process claims and issue verifications.

## ATTORNEY'S FEES

21. Plaintiff seeks attorney's fees to be determined by the trier of fact pursuant to Tex. Ins. Code §1301.108 and TEX. CIV. PRAC. & REM. CODE §38.001 *et seq.*

## JURY DEMAND

22. Plaintiff hereby requests a trial by jury pursuant to Texas Rule of Civil Procedure 216, and encloses separate payment of the fee in conjunction with the filing of this Petition.

## REQUESTS FOR DISCLOSURE

23. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this Petition the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer herein, and after a trial on the merits, the Court enter judgment against the Defendant as follows:

1. Judgment in the amount of $115,746.10 representing the actual damages and economic loss caused by the Defendant;

2. All penalties and interest provided for under the Texas Insurance Code;

3. Exemplary and punitive damages as determined by the trier of fact;

4. Pre-judgment and post-judgment interest as allowed under the law;

5. Attorney's fees to be determined by the trier of fact and costs of court; and

6. Such other and further relief to which Plaintiff may show itself justly entitled.

        Respectfully submitted,

        LAW OFFICES OF P. MATTHEW O'NEIL
        6514 McNeil Drive
        Bldg. 2, Suite 201
        Austin, TX 78729
        (512) 473-2002 Telephone
        (512) 473-2034 Facsimile


        By:   /s/ P. Matthew O'Neil
            Paul Matthew O'Neil
            State Bar No. 00795955

        ATTORNEY FOR PLAINTIFF,
        ADVENTIST HEALTH SYSTEM/SUNBELT,
        INC., D/B/A TEXAS HEALTH HUGULEY